The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner D. Bernard Alston and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award. Plaintiff's oral motion made at the Full Commission hearing to admit additional documentary evidence is DENIED.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Employers Insurance of Wausau was the carrier on the risk.
3. At the time referred to herein, an employment relationship existed between plaintiff and defendant-employer.
4. On November 18, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
5. A package of medical records, collectively marked as Stipulated Exhibit Number One, has been stipulated into evidence. Included among said stipulated documents are the following:
 a. Letter of Dr. William R. Burleson, dated January 24, 1992
b. Medical Records of Southeastern General Hospital
c. Medical Records of Dr. Harvey Schultz
d. Medical Records of Dr. J. Nicholas Fax, Jr.
e. Medical Records of Dr. Mark E. Brenner
f. Medical Records of Moore Regional Hospital
g. Medical Records of Carolina Complete Rehabilitation Center
h. Records of Dr. Franklin Egolf
6. North Carolina Industrial Commission Form 21, Agreement for Compensation for Disability, has been stipulated into evidence.
7. A series of three letters from Defendants' counsel of plaintiff's counsel, collectively marked as Stipulate Document Number Three, has been stipulated into evidence.
8. It is stipulated that plaintiff received temporary total disability benefits from November 26, 1993 through February 15, 1994.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a 36-year-old female who completed the ninth grade of high school and later obtained a GED. Plaintiff's prior work experience includes insurance sales, beauty products sales, and waitressing.
2. Plaintiff became employed with the defendant-employer as a mobile home salesperson in October of 1993. Plaintiff's job duties included greeting customers, showing mobile homes, and taking credit applications.
3. Subsequent to becoming employed by the defendant-employer, plaintiff was issued a temporary mobile home sales license by the North Carolina Department of Insurance-Manufacturing and Housing Division. Said temporary license remained valid until January 14, 1994. In order to obtain a permanent license, plaintiff was required to take the Registered Housing Specialist Examination administered by the North Carolina Department of Insurance.
4. On November 18, 1993, plaintiff sustained a compensable injury by accident while showing a customer a used mobile home. At that time, plaintiff fell through a hole in the floor of the mobile home. The hole was covered with carpet. Plaintiff's left leg went through the hole while her upper body twisted to the right and her right arm and right shoulder struck a door casing.
5. Plaintiff first sought treatment at Southeastern General Hospital. She subsequently received treatment from said hospital and began treatment with Dr. Harvey C. Schultz of the Schultz Chiropractic Center. Plaintiff was diagnosed as having lumbosacral sprain/contusion. Medical examinations revealed scoliosis.
6. Plaintiff was seen by Dr. J. Nicholas Fax on February 15, 1994 for an Independent Medical Examination. Dr. Fax opined that plaintiff's low back pain was secondary to an automobile accident which had occurred on August 30, 1990 and for which he had examined plaintiff on July 7, 1993. As a result of her July 1993 examination, Dr. Fax had assigned plaintiff a seven percent (7%) permanent partial disability rating. Dr. Fax concluded that plaintiff had sustained a sprain to her back as a result of the November 18, 1993 accident; however, he did not find that her fall had caused any neurological changes or further back problems. Dr. Fax released plaintiff to return to work with the restriction that she not engage in any heavy lifting.
7. On March 31, 1994, plaintiff was seen by Dr. Mark E. Brenner, for a second opinion. Dr. Brenner determined that plaintiff had suffered a lumbosacral sprain related to the November 18, 1993 accident. Plaintiff's symptoms were myofascial in origin. Dr. Brenner released plaintiff to return to work subject to certain restrictions. The restrictions assigned to plaintiff by Dr. Brenner were the avoidance of repetitious bending, stooping, lifting and twisting.
8. Plaintiff's position in mobile home sales was within her assigned restrictions and the defendant-employer had sales positions available for plaintiff subject to her passing the Registered Housing Specialist Examination.
9. Plaintiff sustained a three percent (3%) permanent partial disability as a result of the November 18, 1993 accident.
10. It was unreasonable for plaintiff to refuse to return to work following her second opinion with Dr. Brenner on March 31, 994.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident on November 18, 1993 when she fell through the floor of a mobile home while engaged in her employment duties with the defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's refusal to accept the proffered employment subsequent to March 31, 1994 was not justified. N.C. Gen. Stat. § 97-32.
3. The burden of proving each and every element of compensability is on plaintiff. Harvey v. Raleigh Police Dept.,96 N.C. App. 28, 384 S.E.2d 549, cert. denied, 325 N.C. 706,388 S.E.2d 454 (1989).
4. Plaintiff is entitled to receive temporary total disability compensation for the additional period of February 16, 1994 through March 31, 1994. N.C. Gen. Stat. § 97-29.
5. Plaintiff is entitled to receive permanent partial disability compensation based on a three percent (3%) loss of function to her back. N.C. Gen. Stat. § 97-31(23).
6. Plaintiff is entitled to medical compensation for any unpaid medical bills which arose as a result of her November 18, 1993 injury by accident. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff shall receive temporary total disability compensation benefits at the rate of $201.00 per week from February 16 through March 31, 1994 in a lump sum.
2. Plaintiff shall receive permanent partial disability compensation benefits at the rate of $201.00 per week for nine (9) weeks in a lump sum.
3. The defendants shall pay any unpaid medical expenses incurred by plaintiff as a result of the November 18, 1993 injury by accident.
4. The defendants shall pay the costs.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
LKM/bjp